OCTOBER TERM, 1882. No. 156.          OCTOBER 18, 1882.

## Willard *v.* Davis.

A testator gave and bequeathed " to my son, M. Swift Davis, sixteen one-hundredths of the total amount of my estate, consisting of real estate and personal property, of whatsoever kind and wheresoever situated and found, excepting only whatever items I may hereinafter dispose of."

[Willard v. Davis.]

In a subsequent clause he directed as follows : " I hereby constitute and appoint my friend, John Irwin, Jr., as trustee, to whom shall be given in charge by my executors the share of my son as above. Said trustee shall collect the proceeds of said share and shall pay it over to my said son in quarterly payments, the principal not to be impaired by paying him more than what it may yield. The share hereby bequeathed to my son is less than those I give to his sister, for the reason that during my life I have advanced to him at different times and in various ways more than the difference between twenty-eight one-hundredths and sixteen one-hundredths. The share here bequeathed to my son aforesaid shall not be liable for any indebtedness of his."

In a codicil he directed as follows : " It is my will that my beloved wife, Eliza C. Davis, and John Irwin, Jr., trustees for my son, M. Swift Davis, shall have power, at their discretion after the expiration of five years from the date of my decease, if in their judgment they shall deem it best, to give him, my said son, M. Swift Davis, full and complete control of his interest in my estate." *Held :* That M. Swift Davis took a fee simple in sixteen one-hundredths of the real estate of the testator free from any trust.

Before SHARSWOOD, C. J.; MERCUR, GORDON, TRUNKEY, STERRETT, and GREEN, JJ. PAXSON, J., absent.

Error to the Court of Common Pleas No. 2 of *Allegheny County.*

Case stated by M. Swift Davis, plaintiff, against L. H. Willard, defendant.

The following facts were agreed upon as a case stated for the opinion of the Court :

I. Robert H. Davis, late of Aleppo township, in the county of Allegheny, died about the 15th of January, 1881, leaving a will dated March 26, 1879, and a codicil thereto dated January 5, 1881, which will and codicil were proved January 27, 1881, and recorded in the register's office of said county, in Will Book, Vol. XXIII, page 258.

In and by this will the said testator devised to the above-named plaintiff a portion of his real estate, *inter alia,* as follows, viz :

"*Second.* I give and bequeath out of the balance of my estate, after the payment of my debts, unto my daughter Mary Elizabeth Wilson (Daisy), twenty-eight one hundredths ; to my daughter Annie Jane Wilson (Jennie), twenty-eight one hundredths; to my daughter Rebecca Boggs Willard (Re), twenty-eight one hundredths ; and to my son M. Swift Davis, sixteen one hundredths of the total amount of my estate, consisting of real estate and personal property of whatsoever kind and wheresoever situated and found, excepting only whatever items I may hereinafter dispose of."

"*Fourth.* I hereby constitute and appoint my friend,

[Willard *v.* Davis.]

John Irwin, Jr., as trustee, to whom shall be given in charge by my executors the share of my son as above. Said trustee shall collect the proceeds of said share, and shall pay it over to my said son in quarterly payments, the principal not to be impaired by paying him more than what it may yield. The share hereby bequeathed to my son is less than those I give to his sister, for the reason that during my life I have advanced to him at different times and in various ways, more than the difference between twenty-eight one hundredths and sixteen one hundredths. The share here bequeathed to my son aforesaid shall not be liable for any indebtedness of his."

In the codicil to said will the testator directs as follows:

"Item. It is my will that my beloved wife, Eliza C. Davis, and John Irwin, Jr., trustees for my son, M. Swift Davis, shall have power at their discretion after the expiration of five (5) years from the date of my decease, if in their judgment they shall deem it best, to give him, my said son, M. Swift Davis, full and complete control of his interest in my estate."

The testator's wife, Eliza C. Davis, and John Irwin, Jr., are the executors named in this will.

II. The debts of the testator absorbed all his personal estate, and the devisees, including the plaintiff, take only the real estate.

III. A part of the real estate of the said Robert H. Davis, deceased, consisted of a certain lot or piece of land situate in the township of Aleppo, aforesaid, bounded and described as follows, viz: Beginning on Nevin street at the corner of lands of R. B. D. Willard, thence extending in front or width along Nevin street southwardly one hundred feet, and in depth extending back preserving the same width two hundred and ten feet.

IV. The defendant, Dr. L. H. Willard, contracted to purchase said lot of land from the heirs and legatees of said Robert H. Davis, deceased, and to pay the plaintiff for his sixteen one hundredths interest therein the sum of one hundred and sixty dollars. He now refuses to accept a deed for the plaintiff's interest in said lot, or to pay the purchase money therefor, averring that the title and right of possession thereto are in the trustee or trustees named in said will, and not in the plaintiff, and that the plaintiff cannot give a valid title to the same.

V. The trustees claim that the foregoing clauses of Robert H. Davis' will create an active and valid trust in them which precludes the plaintiff from making any disposition of said property, but they are willing to abide

[Willard *v.* Davis.]

by the decision of the Court in this case without being made parties to the suit and without further litigation.

VI. If, under the above-stated facts, the Court shall be of opinion that the plaintiff takes a complete title to his portion of the real estate devised by the said Robert H. Davis, and has the right to convey the same in fee, then judgment to be entered in his favor for the sum of one hundred and sixty dollars and costs. If not, then judgment to be entered in favor of the defendant for costs.

September 18, 1882, EWING, P. J., filed the following opinion :

" If there be a valid trust in this case, in John Irwin, Jr., it is an active trust, sufficient to place the control of the property in the hands of the trustee and to sustain the provision exempting the property from the creditors of M. S. Davis.

" A trust in lands is, in general terms, where one holds the legal title for the benefit of another.

" In this will the third section vests a fee simple absolute in M. Swift Davis. Apt words in a succeeding part of the will might avoid or modify this devise. But the fourth section of the will does not put any title in John Irwin. It but directs that he shall control the property— the terms might be held to apply to the personal estate only in the hands of the executors, and for that it would be good. If there be a trust, for how long does it continue ? There is no direction to pay proceeds to the children of Davis. There is no attempt to create a trust for the children or heirs of the devisor. If there be a trust in Irwin, it is either, but for the life of M. S. Davis, with a right in the trustee to retain the property for himself after Davis' death, or the trust is but for life, with the fee simple in Davis after his own death.

" The attempt is, after granting a fee simple absolute in M. S. Davis, to appoint a guardian to take charge of the property for the life of the devisee and to declare the property free from liability for the debts of the owner. This cannot be done. It is inconsistent with the grant, and especially it cannot be done without the use of apt words, which are wanting in this will.

" And now, 18th September, 1882, after argument and upon consideration, the Court being of the opinion that the law is with the plaintiff, judgment is entered upon the case stated in favor of plaintiff, for one hundred and sixty dollars ($160) and costs of the suit."

Counsel for defendant excepted to this ruling.

[Richardson *et al. v.* Glockner.]

Defendant then took out a writ of error, assigning as error—

*First.* The Court erred in holding that the will of Robert H. Davis did not create a valid and effective trust in John Irwin, Jr., and Eliza C. Davis, in favor of his son, M. Swift Davis.

*Second.* The Court erred in not finding that the will of Robert H. Davis created an active trust in the trustees named, which would prevent the *cestui que* trust from selling the property devised for his use.

*Third.* The Court erred in entering judgment on the stated case in favor of the plaintiff.

*Fourth.* The Court erred in not entering judgment in favor of the defendant.

*Thomas M. Marshall* for plaintiff in error.

The intention of the testator was to vest the portion of his estate which he designed for the maintenance of his son in the trustees.

The trust is an active one. Rife *v.* Geyer, 9 P. F. Sm., 393.

*J. H. Baldwin* for defendant in error.

Testator intended to give the property to his son and and no trust was created. Perry on Trusts, Sec. 304; Lewin on Trusts,* 16.

A fee cannot have the power of alienation clogged or be relieved from liability for debts. Ingersoll's Appeal, 5 Norris, 245; Keyser's Appeal, 7 P. F. Sm., 241.

OCTOBER 25, 1882.—PER CURIAM : We affirm this judgment upon the opinion of the learned President of the Court below.

Judgment affirmed.